# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KENNETH COLLINS                          :

   Petitioner                            :

v                                        :      Civil Action No. PJM-09-1548
                                                                (Related Crim Case PJM-00-292)
UNITED STATES OF AMERICA                 :

   Respondent                            :

o0o

## MEMORANDUM OPINION

Pending is Petitioner's Motion to Vacate, filed pursuant to 28 U.S.C.§ 2255, which was docketed on June 12, 2009. Paper No. 110.

Petitioner alleges his August 30, 2001 guilty plea was the result of ineffective assistance of counsel. Specifically, he claims the terms of the negotiated plea agreement were not honored. Yet counsel failed to file an appeal on his behalf. He also claims counsel failed to advise him of the consequences of his guilty plea. He further alleges that the government breached the terms of the plea agreement and the sentence imposed was illegal. Id. at pp.7 – 13.

A one-year period of limitation is imposed on prisoners seeking to file a motion to vacate. Under the provisions of the statute the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchison*, 209 F. 3d 325, 330 (4th Cir. 2000).  To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay.  *See Harris*, 209 F. 3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*.  The Fourth Circuit has made it clear that prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

In accordance with *Hill,* this Memorandum Opinion gives notice to Petitioner that the claims raised in his motion to vacate will be dismissed as untimely unless he provides this Court with information that establishes he is (i) entitled to the benefit of the exceptions provided in 28 U.S.C. §2255, or (ii) entitled to an equitable tolling of the statute of limitations.  Petitioner will be given thirty days to furnish this information to the Court.  A separate order follows.

                                                              /s/
                                        PETER J. MESSITTE
June 22, 2009                           UNITED STATES DISTRICT JUDGE