IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* |
| | \* |
| v. | \* |
| | \* Crim. No. 00-292 PJM |
| **KENNETH COLLINS,** | \* Civ. No. 16-2370 PJM |
| | \* |
| Petitioner. | \* |

**MEMORANDUM OPINION AND ORDER**

On May 29, 2001, Collins pled guilty to conspiracy (count I), in violation of 18 U.S.C. § 371; armed bank robbery (counts II–V, VII), in violation of 18 U.S.C. § 2113; and use of a firearm in a crime of violence (count VIII), in violation of 18 U.S.C. § 924(c). He and four co-conspirators committed five armed bank robberies in Maryland between January 4 and February 22, 2000. On August 27, 2001, Collins was sentenced to a total term of 296 months imprisonment, to run consecutive to a 17-year state sentence imposed for three other robberies. Before the Court now is a motion for a reduced sentence.

On April 6, 2021, Collins, through counsel, filed the present motion asking the Court to exercise its authority to reduce his sentence by granting compassionate release pursuant to section 603 of the First Step Act. Section 603 provides a sentencing judge jurisdiction to consider a direct petition for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Collins explains that he has served more than 10 years of his 296-month sentence, and his current projected release date is June 25, 2032. He submits that the severity of his sentence was mandated, in large part, by a "career offender" designation under U.S.S.G. § 4B1.1 and a seven-year mandatory minimum consecutive sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). The crux of his argument is that, if were sentenced for the same offenses today, he would still qualify as a career offender and be subject to a mandatory minimum consecutive sentence, but the Court would

no longer be required to impose a sentence that is strictly within the sentencing guidelines range. This is so because the guidelines that were then mandatory are now voluntary, following *United States v. Booker*, 543 U.S. 220 (2005). Collins argues that the voluntary nature of the guidelines would likely result in a lower sentence today and that this likely difference constitutes an extraordinary and compelling circumstance that would justify a sentence reduction here.

The Court is not persuaded. At the time of sentencing, as the Government notes, the Court did not feel constrained by the mandatory nature of the guidelines in 2001, as evidenced by the fact that the Court imposed a sentence in the middle of the guidelines range. The suggestion that the Court would feel differently today, to the extent that it would depart from the guidelines to impose a dramatically lower sentence, is nothing more than unsupported speculation.

The section 3553(a) factors further weigh against reducing Collins's sentence. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed" to reflect the seriousness of the offense and deter criminal conduct; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). The Court may also consider Chase's post-conviction behavior. *See Pepper v. United States*, 562 U.S. 476, 490–91 (2011).

The nature of Collins's offense was serious: he was convicted of a string of five armed robberies, including one in which he fired his weapon, terrorizing customers and bank employees. These offenses followed three prior robbery convictions that resulted in his designation as a career offender, not to mention earlier convictions for reckless endangerment, battery, and numerous burglaries and thefts. He was apparently undeterred by his experiences in state prison, having committed many of his offenses while on parole or probation. In support of reducing his sentence,

Collins generally invokes the changes in "the charging and sentencing landscape" since 2001, but the repeated, aggravated nature of his criminal activity supports the need for a significant sentence in his case. Moreover, Collins has incurred 12 disciplinary infractions while federally incarcerated, including for possessing a dangerous weapon in 2017.

If ever there was a career criminal, Collins is it. Indeed, there does not appear to be a time in Collins's adult life when he was *not* committing violent crimes. There is no reason to believe that if he were released now he would not resume his criminal tendencies.

Accordingly, it is, this 28 day of July 2021,

**ORDERED**

The Motion for a Reduced Sentence (ECF No. 233) is **DENIED**.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE