IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**KENNETH COLLINS,**<br><br>Petitioner-Defendant. | Civil No. **16-2370 PJM**<br>Crim No. **00-0292-1 PJM** |

**MEMORANDUM OPINION**

Kenneth Collins has filed a Motion to Vacate Judgment Under 28 U.S.C. § 2255 (ECF No. 209). No hearing is necessary. *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motion.

I.    **Background**

On May 29, 2001, Collins pleaded guilty to one count of conspiracy to commit a bank robbery in violation of 18 U.S.C. § 371 (Count One), five counts of bank robbery in violation of 18 U.S.C. § 2113(d) (Counts Two, Three, Four, Five, and Seven), and one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Eight).

On August 27, 2001, at sentencing, this Court found Collins to be a career offender after adopting the finding of the presentence report that his instant offenses of conviction were "crimes of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement. Specifically, Mr. Collins had three prior convictions for Maryland robbery, one prior conviction for Maryland storehouse breaking, and three convictions for Maryland daytime housebreaking that qualified as "crimes of violence." The Court sentenced Collins to a concurrent term of 60 months on Count One and 212 months on Counts Two, Three, Four, Five, and Seven,

1

and a consecutive term of 84 months on Count Eight, for a total term of 296 months. The Court sentenced Collins as a mandatory career offender because his sentencing took place before *United States v. Booker*, 543 U.S. 220 (2005), a decision which made the sentencing guidelines advisory.

On June 24, 2016, through the Office of the Federal Public Defender, Collins filed a Motion to Vacate his conviction under 28 U.S.C. § 2255. ECF 209. He argued, *inter alia*, that his Maryland offenses for daytime housebreaking, storehouse breaking, and robbery fail to qualify as "crimes of violence." *Id.* Thus, according to Collins, because he does not have the necessary predicate convictions to qualify him as a career offender. *Id.* The Motion remained pending for a considerable period pending decisions by the Fourth Circuit and U.S. Supreme Court in relevant cases.

Following the Fourth Circuit's decisions in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), and *United States v. Rumph*, 824 F. App'x 165 (4th Cir. 2020), the Federal Public Defender requested to withdraw as counsel in the § 2255 proceeding, which the Court granted. ECF Nos. 246, 247. Collins proceeds without counsel in accordance with Local Rule 101.2.a. The Court now considers the Motion to Vacate Judgment.

## II.    Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *United States v. Wilson*, Crim. No. TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)).

2

Under 28 U.S.C. § 2255(b), the Court must hold a hearing on the motion to vacate, "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . ." *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings. No hearing is necessary and Collins is not entitled to relief.

### III. Discussion

Under federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" in "furtherance of any such crime" is subject to conviction for the underlying crime of violence as well as for the firearm offense. *See* 18 U.S.C. § 24(c)(1)(A). A crime of violence is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony" and:

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Subsection (A) of 18 U.S.C. § 924(c)(3) is commonly referred to as the "force clause" or "elements clause," while subsection (B) is referred to as the "residual clause."

As noted, Collins filed his Motion on June 24, 2016, pursuant to the to the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act's definition for violent felony, at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* Collins challenges the Court's determination that he was a career offender under the United States Sentencing Guidelines (the "Guidelines"), on the grounds that the residual clause in the definition of "crime of violence" under the career offender guideline applicable at the time of Collins's conviction, U.S.S.G. § 4B1.2(a), is unconstitutionally

3

vague under *Johnson*, 576 U.S. at 606, such that at least one of his predicate convictions no longer qualifies as a crime of violence.

The same day, Collins requested that the Court hold his Motion in abeyance until the Fourth Circuit ruled on his pending motion for authorization to file a successive § 2255 petition. ECF No. 210. Then, on April 2, 2018, Collins requested that the Court hold his Motion in abeyance pending the outcome of *United States v. Thilo Brown*, Appellate No. 16-7056, or any other case resolving the issue of whether *Johnson* applies to individuals who were sentenced under the mandatory career offender guidelines. ECF No. 226.

The Supreme Court has not yet decided whether for purposes of cases in which a defendant was sentenced while the Guidelines were mandatory, the residual clause in the career offender guideline is unconstitutionally void for vagueness. Accordingly, there is no new constitutional right on this issue that would render a § 2255 motion timely under 28 U.S.C. § 2255(f)(3), which allows a § 2255 motion such as the present one to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Indeed, in *United States v. Rumph*, 824 F. App'x 165 (4th Cir. 2020), the Fourth Circuit specifically held that a § 2255 motion seeking resentencing on this basis was untimely because the Supreme Court has not formally held that the residual clause of the mandatory career offender guideline is unconstitutional. *Id.* at 168; *see also United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017) (stating that the Supreme Court has not yet recognized "a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to the [Armed Career Criminal Act's] residual clause"). Therefore, Collins's Motion is therefore untimely under § 2255(f)(3) and will be dismissed as time barred. *See Rumph* at 168.

Collins has failed to bear his burden of proof that his sentence was imposed in violation of the Constitution or laws of the United States. Accordingly, the Motion to Vacate is **DENIED**.

### IV.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Collins has not made the requisite showing.

### V.     Conclusion

For the foregoing reasons, Collins's Motion to Vacate (ECF No. 209) is **DENIED**, and the Court **DENIES** a certificate of appealability.

Collins's Motions to Hold § 2255 Petition in Abeyance (ECF Nos. 210, 226) are **MOOT**.

A separate order will **ISSUE**.

Date: August __, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE